OPINION of the Court, by
Ch. J. Boyle
Wood-rion, whs was complainant its the court below, exhibit *72 ed his bill in chancery against Chiles and Craig, to ob-ta'R a conveyance of a small piece oí land in Jessamine county., including spring and meadow. He claims it by purchase from Craig, as part of a larger tract, of which it constitutes the chief value, on account of ttie wafer on it, and was a principal inducement with him to make the purchase. The legal title of the piece of land. which is the subject of controversy, he alleges was, previous to his purchase, conveyed by Craig to Chiles, but jn trust for Craig, and under an express agreement that Chiles would recotivey the title to whomsoever Craig might sell. He avers that before he made his purchase from Craig, he applied to Chiles to know whether he would relinquish to him, in case he purchased of Craig, and that he expressly agreed to do so ; in consequence of which he completed his purchase, and took a conveyance from Craig of that cart of the tract of whirh the legal title was in him, with ⅜ full expectation that the part now in dispute would be conveyed by Chiles on application.
Plea of the and perjuries a¡. lowed,
: The-,alleged íl¡?»'Vuftboth denying the truft, the parol fidered^oo weak e# eilablilh it.
Chiles by his answer denies that he holds the land in trust for Craig ; that he ever agreed with Craig to re-convey to any person to whom he rnignt sell, or promised Woodson that he would let him have the land upon any other condition than that of receiving a fair equivalent therefor j and he insists, by way of plea, upon the Statute of frauds and perjuries, in bar of the relief prayed by Woodson.
Craig in his answer disclaims any fight or interest in the land conveyed by him to Chiles ; denies positively 'that he sold to Woodson the piece which is the subject of controversy, and alleges that he was induced to sell the tract which he conveyed to Woodson at a low rate, os account of its want of water.
The court below decreed that Chiles should convey the land in dispute, from which decree he has appealed to this court.
We can but consider the statute of frauds and perjuries as an insuperable bar to the right of Woodson to recover: unless that statute is to be treated as a dead letter, this case must come within the sphere of its operation. Whether we regard the contract that Chiles would convey the land in dispute to whomsoever Craig rnignt sell, or the promise made by Chiles to relinquish Woodson., *73 Sr case he should purchase, we find the statute equally applicable. It is not pretended that either of those a-greerhents was reduced to writing and signed by the party to be bound thereby, as the act requires, before an action can be maintained upon it. The plea of the statute is therefore doubly fortified. But were the statute out of the question in the present case, the decree of the court below would nevertheless appear to be erroneous. Chiles positively denies that he holds the land in dispute as trustee for Craig. The conveyance to Chiles is absolute, and contains no declaration of a trust for the benefit of Craig ; and Craig in his answer disclaims it» Under such circumstances we are by no means prepared to say that the parol evidence in the cause is sufficient to establish the trust. But were it so, a still more insuperable objection to Woodson’s right of recovery presents itself, Craig has expressly denied that he sold the land is dispute to Woodson, and there is no testimony, either written or parol, to prove that Woodson purchased or paid for it. If then the trust existed, Woodson has failed to shew that he has acquired any interest in it. The decree in his favor is therefore erroneous, and must be reversed, anil the bill dismissed with costs,